UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELBERT JOHNSON,
    Petitioner,

vs.                                     Case No.: 5:24cv3/MCR/ZCB

RICKY D. DIXON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Elbert Johnson has filed an amended habeas corpus petition under 28 U.S.C. § 2254. (Doc. 7). The amended petition challenges the state judgment entered in the Jackson County Circuit Court, Case No. 1979-CF-636. (*Id.*). As explained below, the current petition is a second or successive petition that was filed without approval from the U.S. Court of Appeals for the Eleventh Circuit. Thus, it should be dismissed for lack of jurisdiction.

### I.    Background

On September 25, 1980, Petitioner was sentenced to 100 years' imprisonment in Jackson County Circuit Court, Case No. 1979-CF-636.

1

(Doc. 7 at 1-2). Petitioner now seeks federal habeas relief under 28 U.S.C. § 2254.

Petitioner admitted in his amended § 2254 petition that he previously filed a § 2254 petition in this Court challenging the same state court judgment. (*See* Doc. 7 at 7-8). Given that fact, the Court ordered Petitioner to show cause as to why the current case should not be dismissed as an unauthorized second or successive § 2254 petition. (Doc. 9). In response, Petitioner has argued that the Court is authorized to correct any constitutional violation that occurred during the state criminal proceedings. (Doc. 10 at 3-4). Petitioner has further argued that federal habeas is the only available means to remedy the alleged constitutional violation(s) because the Florida First District Court of Appeal has prohibited him from filing *pro se* challenges to his state criminal judgments, including the judgment in 1979-CF-636. (*Id.* at 3-4, 10). As explained below, Petitioner's argument is without merit.

## II.   Discussion

A U.S. District Court may not consider a second or successive habeas petition under § 2254 unless the petitioner has obtained appellate court authorization. 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing

Section 2254 Cases in the United States District Courts (2015). Absent such appellate court authorization, a district court lacks jurisdiction over the second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because the prisoner failed to obtain appellate court authorization); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

"[T]he phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). A second § 2254 petition qualifies as "second or successive" if it challenges the same judgment as the first, and the first was denied on the merits or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). But a second petition does not qualify as "second or successive" if the first petition was not considered on the merits and was dismissed without prejudice to allow the petitioner to exhaust state remedies. *Slack v. McDaniel,* 529 U.S. 473, 487 (2000).

3

In this case, Petitioner has previously filed multiple § 2254 petitions challenging the judgment in Case No. 1979-CF-636. The most recent of which was filed in 2021, *Johnson v. Dixon*, 5:21-cv-154 (N.D. Fla.). That case was dismissed because Petitioner's challenge to the judgment in Case No. 1979-CF-636 was an unauthorized second or successive § 2254 petition. (5:21-cv-154, Docs. 18, 19). As the court explained in the 2021 case, Petitioner filed his first § 2254 petition in 1986. (5:21-cv-154, Doc. 18 at 6). That petition was denied. (*Id.*). Petitioner then filed another § 2254 petition in 1987. (*Id.*). That petition was also denied. (*Id.*). Petitioner next filed a § 2254 petition in 1990. (*Id.*). That petition was dismissed as an abuse of the writ. (*Id.*). Petitioner filed another § 2254 petition in 2005. (*Id.*). That petition was dismissed as an unauthorized or successive § 2254 petition. (*Id.*). And, as stated above, Petitioner's § 2254 petition in 2021 was dismissed as an unauthorized second or successive petition. (*Id.*).

Today, Petitioner faces the same jurisdictional hurdle that he faced previously—his petition is a second or successive § 2254 petition challenging the state court judgment in 1979-CF-636. Thus, this Court cannot adjudicate the petition unless Petitioner has received permission

from the U.S. Court of Appeals for the Eleventh Circuit. He has not received such permission. Thus, this matter should be dismissed for lack of jurisdiction. *See Bowles*, 935 F.3d at 1180 (stating that a district court is "required to dismiss" for "lack of jurisdiction" a second or successive § 2254 petition that is filed without the appellate court's permission).

In an attempt to avoid that conclusion, Petitioner suggests that the Court is not bound by the requirements found in § 2244(b)(3)(A). He argues that the Court may review his successive petition on equitable grounds, despite it being second or successive. But, the Eleventh Circuit has refused to recognize an equitable exception to § 2244(b)'s ban on unauthorized second or successive federal habeas petitions. *See In re Davis*, 565 F.3d 810, 824-25 (11th Cir. 2009) (explaining that "habeas corpus is, at its core, an equitable remedy, and § 2244(b)(2)(B) is Congress's codification of an equitable standard. Neither Congress nor the courts ever have hinted that an *additional* equitable exception to § 2244(b)'s general ban on second or successive federal habeas petitions exists."); *see also Jordan v. Sec'y Dep't of Corr.*, 485 F.3d 1351, 1359 (11th Cir. 2007) (observing that "[w]e have neither the power nor the

5

inclination to turn back the clock and pretend that the AEDPA was not enacted. It was enacted, and its provisions govern second or successive petitions."). Thus, there is no merit to Petitioner's argument. His § 2254 petition, therefore, should be dismissed as an unauthorized second or successive petition.

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The amended § 2254 petition (Doc. 7) be **DISMISSED for lack of jurisdiction** because it is a second or successive petition that was filed without the Eleventh Circuit's permission.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.[1]

At Pensacola, Florida, this 22nd day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[1] A certificate of appealability is not required for an order dismissing for lack of jurisdiction a second or successive § 2254 petition. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.